**BLD-041**                                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1754
_____

JOEL GLASTON MUIR,
                                          Appellant

v.

JOHN E. WETZEL; MR. J. HALL; MR. J. FREEMAN; MR. D.K. SMITH;
MR. C. FOREMAN; MR. W.L. JAMES; MR. THOMAS; MR. KNOX
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-20-cv-04459)
District Judge:  Honorable Kai N. Scott
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 26, 2024

Before: SHWARTZ, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: December 11, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Joel Muir appeals the District Court's order granting the Appellees' motion for summary judgment. For the reasons that follow, we will summarily affirm the District Court's order.

The procedural history of this case and the details of Muir's claims are well known to the parties, set forth in the District Court's memorandum order, and need not be discussed at length. Briefly, Muir, a Pennsylvania prisoner, claimed that a former prison policy regarding how legal mail was handled violated his constitutional rights. After the District Court dismissed Muir's claims based on the Eighth and Fourteenth Amendments, Appellees moved for summary judgment on his remaining claim that his First Amendment rights were violated.[1] The District Court concluded that Appellees were entitled to summary judgment on that claim because Muir had not provided any evidence that his legal mail was actually read. Muir filed a timely notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise de novo review over the District Court's order granting summary judgment. See Burns v. Pa. Dep't of Corr., 642 F.3d 163, 170 (3d Cir. 2011). A party moving for summary judgment must show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To determine whether the movant has satisfied this burden, "we view the facts and draw all reasonable inferences in the

---

[1] The District Court granted Appellees' motion as unopposed, but, on appeal, we vacated the District Court's order and granted Appellees' motion to remand the matter. See C.A. No. 21-3145.

2

light most favorable to the nonmovant." Pearson v. Prison Health Serv., 850 F.3d 526, 533 (3d Cir. 2017).

The now-discontinued legal mail policy provided that privileged mail would be opened in front of the inmate and inspected for contraband. The mail would be photocopied, and the copies given to the inmate. The mail would then be sealed in an opaque envelope and secured with evidence tape before being deposited in a locked receptacle. Prison officials did not have access to the receptacle; only a private vendor did. The policy also provided that the processing of the privileged mail would be recorded on video. Under the policy, an inmate could later request access to the sealed mail which would then be opened in his presence again per the policy. An inmate could also request that the privileged mail be retrieved and maintained in an evidence locker in the security office. See Inmate Mail and Incoming Publications Policy, DC-ADM 803 (effective October 3, 2018-April 5, 2019).

In his brief, which we will consider as his opposition to possible summary action, Muir argues that the District Court erred in granting summary judgment for Appellees because by turning over his privileged mail to a third-party, they breached his attorney-client privilege without his consent. Muir cites to our decision in Jones v. Brown, 461 F.3d 353 (3d Cir. 2006), to support his argument. In Jones, we concluded that a temporary policy that allowed prison officials to open privileged mail *outside* the presence of the inmate infringed on the inmates' right to freedom of speech. We noted that this practice chilled the inmates' expression regardless of the prison officials' claims that they would not read the mail. Id. at 359. Here, however, the privileged mail was

3

opened in Muir's presence.  See Wolff v. McDonnell, 418 U.S. 539, 577 (1974) (noting that "[a]s to the ability to open the mail in the presence of inmates, this could in no way constitute censorship, since the mail would not be read. Neither could it chill such communications, since the inmate's presence insures that prison officials will not read the mail").  Muir also contends that the Constitution obliges prison officials "to take additional measures to ensure that legal mail remains unread."  See Fontroy v. Beard, 559 F.3d 173, 174 (3d Cir. 2009).  Here, the prison officials did take such additional measures:  the mail was sealed and secured in a locked container.

Muir appears to be arguing that his First Amendment right to communicate was chilled by the storage of the privileged mail outside of his presence by a private vendor.  As noted above, however, after being copied, the privileged mail was sealed in an opaque envelope and placed in a locked container.  Muir has failed to submit any evidence that his privileged mail could (or would) have been obtained from the third party by prison officials and read after it was sealed and placed in the locked receptacle.

The District Court did not err in granting Appellees' motion for summary judgment.  Summary action is appropriate if there is no substantial question presented in the appeal.  See Third Circuit LAR 27.4.  For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order.  See Third Circuit I.O.P. 10.6.